## CIRCUIT COURT OF FAIRFAX COUNTY

Johnathon D. Garner

v.

K Mart Corp.

March 21, 1989

Case No. (Law) 87207

By JUDGE MICHAEL P. McWEENY

This matter is before the Court as a result of K Mart's plea in bar to the assault and false imprisonment counts of Mr. Garner's Motion for Judgment. The plea in bar was heard on March 10, 1989. It is the opinion of this Court that the plea in bar to the assault count should be overruled and the plea in bar to the false imprisonment count should be sustained.

The facts of this case disclose that on October 11, 1988, Johnathon Garner filed a Motion for Judgment against the K Mart Corporation for actions taken by its employees on October 26, 1986. The Motion for Judgment alleges "assault and battery" in Count I with personal injury, shock, humiliation, and emotional distress being the resulting damage. Count II alleges false imprisonment with deprivation of liberty and freedom being the resulting damage. The K Mart Corporation filed a plea in bar to the claims of assault and false imprisonment contending that they are barred by the one-year statute of limitations found in § 8.01-248 as they are claims not governed by Section 8.01-243.

Section 8.01-243 states "[u]nless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and

every action for damages resulting from fraud shall be brought within two years after the cause of action accrues. In accordance with the plain language of § 8.01-243 and the Circuit Court case law submitted by counsel, it is this Court's opinion that the two-year statute of limitations under § 8.01-243 is applicable any time physical injuries are asserted in a personal action, regardless of the type of personal action and regardless of whether or not it is one commonly associated with physical injury.

I conclude, therefore, that because the false imprisonment count simply alleges deprivation of freedom and liberty as damages, § 8.01-243 is not applicable, and the one-year statute of limitations of § 8.01-248 bars the claim. The plea in bar as to Count II (false imprisonment) is sustained.

The "assault and battery" count alleges physical injury as the resulting damages, hence, the two-year statute of limitations of § 8.01-243 governs, and the plea in bar is overruled.